William **FIORE,** t/a Fiore Trucking and Contracting, Petitioner,

v.

**COMMONWEALTH of Pennsylvania,** Respondent.

William **FIORE,** d/b/a Fiore Trucking and Contracting, Petitioner,

v.

**COMMONWEALTH of Pennsylvania,** Respondent (Two Cases.)

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 13, 1996.

Decided April 22, 1996.

Reargument Denied June 10, 1996.

William Fiore, pro se, Petitioner.

Clinton G. Smith, Jr., Deputy Attorney General, for Respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

COLINS, President Judge.

William M. Fiore, trading as Fiore Trucking and Contracting (Taxpayer), proceeding pro se, filed exceptions and objections to the December 15, 1995 remand opinion and order of the Commonwealth Court of Pennsylvania. *Fiore v. Commonwealth,* 668 A.2d 1210 (Pa. Cmwlth.1995) (*Fiore II*). In that remand

1. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7202(b), which, in pertinent part, imposes a six percent tax on the retail purchase price of

opinion, this Court affirmed three orders of the Board of Finance and Revenue (Board) sustaining use tax deficiency assessments imposed by the Department of Revenue (Revenue) pursuant to Section 202(b) of the Tax Reform Code of 1971 (Code).[1]

The facts underlying this controversy, as found by the Supreme Court of Pennsylvania and set forth in the remand opinion, follow:

The taxpayer, Fiore [Trucking and Contracting], is a proprietorship licensed by the Department of Revenue for sales and use tax collection and remittance. Fiore purchased liquid fuel, depreciable equipment, parts, tires, repairs, mobile homes, an airplane and other property, and also leased certain trucks, all of which provide the basis for sales and use tax assessments.

William Fiore also owned and operated other proprietorships operated under various trade names including Mill Industrial Service Company, Diamond Fuel, Diamond Excavating and Hauling, and Rolling Hills Village; William Fiore also was the sole shareholder and operator of Bill's Trucking, Inc. These various entities had overlapping business activities and records, and the intermingling of their business activities appears to be responsible in large part for the difficulties in auditing the taxpayer and assessing the taxes owed by Fiore Trucking and Contracting Company.

The taxpayer was audited by the Department of Revenue for the period January 1, 1975, through September 30, 1978, resulting in an assessment for a deficiency of $216,741.26 plus interest of $35,038.99 and a penalty of $52,609.86, or a total of $304,390.11. Fiore's appeal to the Board of Finance and Revenue resulted in abatement of the penalty but affirmance of the deficiency and interest. The deficiency of $251,780.25 was appealed to the Commonwealth Court at docket number 925 C.D. 1980.

During the pendency of the appeal of the first assessment, the department again audited Fiore, this time examining the pe-

tangible personal property used in the Commonwealth.

riod October, 1978 through December, 1981. The department assessed a deficiency of $831,207.28 plus interest of $226,-626.01 and a penalty of $207,801.87, or a total of $1,265,635.16. The appellate boards of the department reduced the assessment to $779,495.79 plus appropriate interest and penalties. This second deficiency assessment was appealed to the Commonwealth Court at docket number 895 C.D. 1985.

The second audit resulted in an additional assessment for a fuel use tax deficiency in the amount to $81,728.57 plus interest of $24,963.68 and a penalty of $8,172.86, or a total of $114,865.62. This was affirmed in all respects by the Board of Finance and Revenue, and was appealed to the Commonwealth Court at docket number 1029 C.D. 1985.

The three appeals were consolidated in the Commonwealth Court, which affirmed the three contested orders of the Board of Finance and Revenue. *Fiore v. Commonwealth*, 141 Pa.Cmwlth. 578, 596 A.2d 1147 (1991), *aff'd on exceptions, Fiore v. Commonwealth*, 148 Pa.Cmwlth. 62, 609 A.2d 862 (1992) (en banc) [*Fiore I* ].
*Id.* at 1212–13 (quoting *Fiore v. Board of Finance and Revenue*, 534 Pa. 511, 514, 633 A.2d 1111, 1112–13 (1993)).

When we first considered this case in 1991, in *Fiore I*, we affirmed the assessments after concluding: 1) that Taxpayer was not entitled to the public utility or manufacturing exclusions from use and sales taxation as provided in Section 201 of the Code, 72 P.S. § 7201;[2] and 2) that the auditors committed no impropriety in the method of preparing the audit report used by Revenue in assessing the deficiencies.

During the course of the proceedings in *Fiore I*, this Court permitted the Commonwealth to change the legal basis for the tax assessments; this change of legal theories came after discovery ended and just twenty days before the evidentiary hearing. For the

ten years following the first audit, the Commonwealth had successfully maintained that the Taxpayer was not entitled to the public utility exclusion because he predominantly served one customer. When this Court determined that a common carrier may serve just one customer, the Commonwealth was permitted to assert that the exclusion did not apply because the Taxpayer was not certified as a common carrier and his records did not support his entitlement to an exclusion.

On appeal, the Supreme Court found merit in the Taxpayer's contention that he was deprived of procedural due process because he was not given a reasonable opportunity to prepare to answer the issues raised by the Commonwealth at the last minute. The court vacated and remanded to this Court for a new hearing at which the Taxpayer would be given the opportunity to prove his entitlement to exemption from the use tax, after having sufficient time to search his records and prepare documentation.

Pursuant to the remand order, this Court held a second evidentiary hearing after giving the Taxpayer time to search his records and prepare documentation. To qualify for the exception, the Taxpayer was required to prove 1) that Fiore Trucking and Contracting held a certificate of authority as a common carrier, 2) that the assessed equipment was used predominantly and directly in public utility service, and 3) that Fiore Trucking and Contracting complied with statutory record-keeping requirements. At three days of hearings, the Taxpayer presented five witnesses and fourteen exhibits.

Based on the evidence presented at the second hearing, the Court in *Fiore II* affirmed the orders of deficiency assessment. The Court concluded that the Taxpayer did not hold a certificate of public convenience as a common carrier and did not meet its burden of proving that the assessed property was used predominantly in the rendition of public utility service. The Court further con-

---

**2.** Section 201(*O*)(4)(B) of the Code excludes from taxation any machinery, equipment, parts, and supplies used directly in the manufacture of personal property, 72 P.S. § 7201(*O*)(4)(B)(i), and machinery, equipment, parts, and supplies used directly in delivering a public utility service, 72 P.S. § 7201(*o*)(4)(B)(iii). The exclusion does not apply to vehicles "required to be registered under The Vehicle Code except vehicles directly used by a public utility engaged in the business as a common carrier...." Section 201(*O*)(4) of the Code, 72 P.S. § 7201(*O*)(4).

cluded that the Taxpayer's records were inadequate and not in compliance with the record-keeping requirements set forth in Section 271(a) of the Code, 72 P.S. § 7271(a), and at 61 Pa.Code § 43.2(a)(1).

The Taxpayer filed timely exceptions to the Court's remand opinion and order, which exceptions are now before us. In substance, the Taxpayer's exceptions consist of objections to all of this Court's findings of fact and conclusions of law; some exceptions address matters beyond the scope of the remand order, matters the Supreme Court rejected as having no merit. We consider the relevant exceptions within the scope of the three issues before the Court on remand.

■ Several of the Taxpayer's exceptions generally object to the Court's conclusion (and related findings of fact) that Fiore Trucking and Contracting did not hold a Public Utility Commission (PUC) certificate of public convenience as a common carrier. The record indicates that the Taxpayer produced no evidence that Fiore Trucking and Contracting was licensed as a common carrier. The Taxpayer submitted PUC certificates for two other entities owned and operated by William Fiore (i.e., Bill's Trucking and William Fiore trading as Mill Industrial Services) and evidence that Fiore Trucking and Contracting applied for contract carrier authority in 1978 (not granted) and in 1991 (not within the audit period of 1975 through 1981).

The Taxpayer asserts that William Fiore, individually, held the common carrier license that applied to the entity, William Fiore trading as Fiore Trucking and Contracting. (Exceptions Nos. 2 and 6.) To the contrary, the record shows that in 1974, with PUC approval, William Fiore transferred the common carrier rights to the entity, William Fiore trading as Mill Industrial Services. Furthermore, the term "common carrier," by definition, refers to any person or corporation (i.e., a single entity), 66 Pa.C.S. § 1102, and not a group of related entities.

■ The Taxpayer objects to the Court's conclusion (and related findings) that the Taxpayer failed to prove that the assessed equipment was used directly and predomi-

nantly in providing public utility service. (Exceptions Nos. 5, 8–11.) The Taxpayer testified that the assessed equipment was leased to Bill's Trucking and Mill Industrial Services, which used the equipment to provide public utility services. The Taxpayer failed to produce any leases or other documentation to show how specific equipment was used or to otherwise link the equipment with other entities holding common carrier authority. At the second hearing, the Taxpayer submitted equipment leases for periods post-dating the audit period.

Exceptions Nos. 1, 3, 4, and 7 express the Taxpayer's objections to the Court's findings of fact with respect to the audits. The Court found that the auditors audited only Fiore Trucking and Contracting (and not Fiore, individually, or his related entities), that the audits were complete, and that the Taxpayer presented no evidence to the contrary. Our review of the record reveals nothing to sustain the Taxpayer's objections; furthermore, the integrity of the audits was not at issue on remand.

■ In Exception No. 12, the Taxpayer objects to the Court's finding that Fiore affirmed that he was given an opportunity to show the assessed equipment was used in common carrier activities. The Taxpayer asserts that the Court gave him only 15 minutes to go through the sixty boxes of records offered as Exhibits 7 through 14. Contrary to the Taxpayer's assertion, the record indicates that the Taxpayer brought only eight boxes of records to the hearing; that the Taxpayer had almost a full year after remand, from the first status conference in January 1994 to the hearing in November 1994, to search his records and prepare the documentation; and that the Court gave each party 30 days to inventory the boxes of records before hearing argument on their admissibility. Furthermore, even though the Taxpayer discharged his attorney before the November 1994 hearing, the attorney sat with the Taxpayer at the counsel table, advising and consulting with the Taxpayer throughout the proceeding.

The Taxpayer generally objects to this Court's conclusion that the records of Fiore Trucking and Contracting were inadequate

and not in compliance with statutory and regulatory record-keeping requirements. Section 271(a) of the Code provides that a taxpayer shall keep records, render statements, and make returns that comply with Revenue's rules and regulations. 72 P.S. § 7271(a). Under the regulations, a taxpayer who sells or uses personal property or services must 1) retain all purchase invoices and other documents relating to acquisition of taxable property and services, and 2) if the tax has not been paid, the taxpayer must create or maintain records showing records documenting the nature, use, price, dates of the purchase, etc. from which it can be ascertained "with reasonable facility" whether use tax is due and the amount of the tax. 61 Pa.Code § 34.2(a)(1).

In our view, nothing is so patently obvious as the Taxpayer's failure to maintain adequate records. The Taxpayer failed to produce such records when requested during the audits and again during the evidentiary hearings. Boxes of unsorted invoices, bills of lading, weight slips, drivers' logs, and other documents do not permit the taxing authority to ascertain with reasonable facility whether tax is due and how much tax is due. The Taxpayer has suffered the consequences of his inadequate record keeping in that he is unable to document use of the assessed equipment in providing public utility services.

Accordingly, petitioner's exceptions are overruled, and the Court's order of December 15, 1995 is affirmed. Judgment shall be entered in favor of the Commonwealth as set forth in that order.

### ORDER

AND NOW, this 22nd day of April, 1996, petitioner's exceptions 1 through 12 are overruled, and the Court's order of December 15, 1995 in the above-captioned matters is affirmed. The Chief Clerk is directed to enter judgment in favor of the Commonwealth of Pennsylvania in the following amounts:

925 C.D. 1980

Use Tax—$216,741.26 plus appropriate interest

895 C.D. 1985

Use Tax—$770,495.79 plus appropriate interest and penalties

1029 C.D. 1985

Fuel Use Tax—$81,728.57 plus appropriate interest and penalties.

PELLEGRINI, J., did not participate in the decision in this case.