**In re Appeal of Flannery**

C.P. of Lawrence County, no. 70009 of 1998, M.D.

*Phillip L. Clark Jr.,* for appellant.
*Chester J. Karas Jr.,* for Commonwealth.

PRATT, *J.,* August 7, 1998—This is an appeal from the suspension of the driver's license of appellant, Jennifer R. Flannery. The basis of this case can be traced back to a traffic stop occurring in Ohio on September 26, 1997, when the appellant was charged by the state of Ohio as a first-time offender under its driving under the influence of alcohol laws. At that time, appellant's Pennsylvania driver's license was physically seized. As a result of her plea of no contest to the DUI charge in the Ohio court, appellant's operating privileges in Ohio were placed under an administrative suspension in accordance with the Ohio Revised Code §4511.191 for a period of 15 days, effective the date of her arrest

on September 26, 1997, and, thereafter, for a period of six months.

Based on the Ohio DUI offense, the Pennsylvania Department of Transportation, on December 15, 1997, suspended the appellant's driver's license for a period of one year pursuant to the Driver's License Compact, 75 Pa.C.S. §1581, effective January 19, 1998. The appellant then timely appealed her one-year license suspension to this court. After a full hearing of the appellant's "appeal from driver's license suspension," this court dismissed the appeal and reinstated PennDOT's administrative order suspending the appellant's driver's license in Pennsylvania. The appellant timely filed a notice of appeal to the Commonwealth Court on July 9, 1998 and, pursuant to this court's order, a statement of matters complained of on appeal. This opinion is issued in satisfaction of Pa.R.A.P. 1925(a).

## DISCUSSION

In her statement of matters complained of on appeal, the appellant contends that this court erred in failing to find that the suspension of the appellant's driver's license in Pennsylvania was a violation of her constitutional rights to equal protection and procedural due process under the constitutions of the United States and Pennsylvania.

### A.

### *Equal Protection*

Appellant's equal protection argument is premised on the contention that a Pennsylvania motor vehicle operator is treated differently for violating the DUI statutes of a sister state as opposed to violating the DUI statutes of Pennsylvania. This disparity, appellant asserts, arises due to the reporting procedures between

the member states of the Driver's License Compact. To illustrate, appellant argues that her one-year suspension of her Pennsylvania driving privileges began on January 19, 1998, but her driver's license was previously confiscated in Ohio on September 26, 1997 due to her arrest there for DUI. As a result, the suspension of her operating privilege was for a longer period because the motor vehicle violation occurred in Ohio as opposed to Pennsylvania where her operating privileges would have been suspended much sooner than January 19, 1998. Additionally, appellant argues that the suspension of her license in Pennsylvania denied her equal protection because, if she had been arrested for DUI in Pennsylvania, she would have been eligible for the Accelerated Rehabilitative Disposition program, whereas the violation occurring in a sister state subject to the Driver's License Compact disqualified her for ARD in Pennsylvania.

Under our federal and state constitutions, if the right challenged under equal protection does not involve a suspect class or a fundamental right, then it is considered using the rational basis test. See *Sullivan v. Stroop,* 496 U.S. 478, 110 S.Ct. 2499 (1990); *Lyng v. Automobile Workers,* 485 U.S. 360, 108 S.Ct. 1184 (1988); *Curtis v. Kline,* 542 Pa. 249, 666 A.2d 265 (1995); *Commonwealth v. Parker White Metal Co.,* 512 Pa. 74, 515 A.2d 1357 (1986). The operation of a motor vehicle upon a highway in Pennsylvania is not a fundamental right, but rather a privilege, and the statutes concerning this privilege must, therefore, be examined under the rational basis standard. *Maurer v. Boardman,* 336 Pa. 17, 25, 7 A.2d 466, 472 (1939). In Pennsylvania, a two-step analysis is employed in considering any equal protection challenge under the rational basis test, which is: (1) whether the challenged statute seeks to promote any legitimate state interest or public value? (2) if so, whether the classification adopted in the legislation is

reasonably related to accomplishing that state interest. *Plowman v. PennDOT,* 535 Pa. 314, 319, 635 A.2d 124, 127 (1993). A classification is not in violation of the equal protection clause if any state of facts reasonably can be conceived to sustain that classification, and the reviewing court is free to hypothesize reasons the legislature might have had for the classification. *Federal Communications Commission v. Beach Communications Inc.,* 508 U.S. 307, 311, 113 S.Ct. 2096, 2099 (1993).

The purpose of the Driver's License Compact, which can be readily gleaned from the statute itself, is the reciprocal recognition of each member state's driving laws and to promote compliance with those laws in attempting to ensure safe highways in all member states for the use and enjoyment of their citizens. 75 Pa.C.S. §1581. Thus, the first prong of the equal protection test in this case is satisfied, as the safety and welfare of the citizenry on Pennsylvania highways is a legitimate state interest.

The substance of appellant's equal protection argument must, therefore, rest on the second prong of the rational basis test analysis, that is, whether the classification adopted in the legislation is reasonably related to accomplishing that state interest. The classification within the Driver's License Compact would be the difference in treatment of Pennsylvania residents charged with DUI violations within the Commonwealth of Pennsylvania and the treatment of Pennsylvania residents charged with DUI violations outside Pennsylvania and, subsequently, punished in Pennsylvania, as well as the sister state, in accordance with the Driver's License Compact.

Certainly, this classification is necessary to fulfill the purpose of the Driver's License Compact in ensuring safety on the highways through reciprocal recognition of driving laws. Naturally, this may result in a disparity

in sentencing because of the time necessary to report a driving violation to a sister state, notify the offender, and implement a sentence in Pennsylvania. The reporting procedures are merely incidental to fulfilling the purpose of the Driver's License Compact and are rationally related to accomplishing the articulated state interest of protecting the safety and welfare of the citizens of Pennsylvania on the highways, both within and outside of the Commonwealth.

The appellant further complains that she was not provided with an opportunity to utilize Pennsylvania's ARD program because she was charged in Ohio and, thereafter, her driver's license was reciprocally suspended in Pennsylvania. Because Pennsylvania's ARD program is available to those residents charged with DUI in Pennsylvania, this argument fails. The appellant was charged in Ohio, and the goal of the Driver's License Compact is to recognize the sister state's laws by reciprocally suspending an offender's license in recognition of the violation in the sister state. It does not mandate that every state offer the identical programs developed and offered by every other state. In the instant case, the purpose of suspending the appellant's license in Pennsylvania was to give credence and recognition of the DUI charges made against her in Ohio. This is the purpose of the Driver's License Compact, and it is not a violation of equal protection that the appellant was not offered ARD in Pennsylvania when the offense and conviction therefore occurred in the state of Ohio.

### B.

### Procedural Due Process

The appellant also contends that the suspension of her license in Pennsylvania under the Driver's License

Compact for one year, on January 19, 1998, was a denial of her constitutional right to procedural due process, because her license was confiscated in Ohio on September 26, 1997, thus prolonging or extending the suspension of her license. Procedural due process is a flexible concept, which requires individual protections to be determined on a case-by-case basis; the essential requisites are notice and a meaningful opportunity to be heard. See *PennDOT v. Clayton,* 546 Pa. 342, 684 A.2d 1060 (1996); *Fiore v. Commonwealth, Board of Finance and Revenue,* 534 Pa. 511, 633 A.2d 1111 (1993); *Soja v. Pennsylvania State Police,* 500 Pa. 188, 455 A.2d 613 (1982). The appellant does not identify in her statement of matters complained of on appeal how her constitutional right to procedural due process has been violated, except that the suspension of her license was prolonged due to the reporting procedures under the Driver's License Compact, thereby delaying the implementation of the license suspension in Pennsylvania. The appellant was notified by PennDOT on December 15, 1997, that her driver's license would be suspended in Pennsylvania for one year, effective January 19, 1998. The appellant appealed the suspension and was granted a supersedeas until her appeal hearing on March 19, 1998. The hearing of her appeal provided the appellant with a meaningful opportunity to be heard concerning all facets of her case. As such, by providing appellant adequate notice of the suspension of her driver's license and a full hearing in order to be heard on all matters pertinent to the issues, the requirements of procedural due process have been met.

Accordingly, this court's June 10, 1998 order dismissing appellant's driver's license suspension appeal was proper, and the Commonwealth Court should so affirm.

## ORDER

The court directs that the attached opinion shall be filed of record, and the prothonotary shall immediately transmit the record of this case to the Commonwealth Court.