J-A04015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOMES LOANS SERVICING, LP, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VALERIE J. FRAPPIER, | |
| Appellant | No. 799 WDA 2014 |

Appeal from the Judgment Entered April 18, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): MG-13-000704

BEFORE: BOWES, OLSON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 10, 2015**

Valerie J. Frappier appeals from the trial court's grant of Bank of America's motion for summary judgment in this mortgage foreclosure action. We affirm.

Bank of America filed a complaint in mortgage foreclosure on April 30, 2013. Therein, it averred that Appellant had executed a mortgage with Howard Hanna Financial Services, Inc., on December 7, 1998, which was recorded. According to Bank of America, the mortgage was re-recorded on January 19, 1999. Thereafter, the mortgage was assigned to Countrywide

_____

[*] Retired Senior Judge assigned to the Superior Court.

Home Loans, Inc., ("Countrywide") and recorded on February 4, 1999. Bank of America noted that it was now the mortgagee and the mortgage and assignments were matters of public record.

In addition, Bank of America submitted that it was the successor by merger to Countrywide, and possessed the promissory note on the property in question: 1420 4th Street, Natrona Heights, Pennsylvania. Bank of America maintained that Appellant had failed to make any mortgage payments since September 1, 2012, and Appellant owed $38,546.21 on the mortgage. Bank of America also alleged that it had provided notice of its intent to foreclose and notice of default.

Appellant filed an answer and affirmative defenses on May 28, 2013. She admitted that she executed the mortgage in question on December 7, 1998, but entered general denials to both the averment that her mortgage was in default and as to the amount owed. Appellant also countered that Bank of America had not provided proof that it was the owner or holder of the mortgage. Further, she asserted that Appellant violated the Truth-in-Lending Act by not delivering to her two copies of a notice of the right to rescind. Appellant continued that Bank of America violated the Real Estate Settlement Procedure Act by failing to provide her with an annual escrow disclosure statement for her mortgage. Finally, Appellant posited that Bank of America's claims were barred by the doctrine of unclean hands.

Bank of America filed a response to Appellant's affirmative defenses on June 28, 2013. Subsequently, Bank of America filed a motion for summary judgment on October 1, 2013. Therein, it reiterated the basis for its complaint and attached copies of the Note and the recording of the assignments with the Allegheny County Office of the Recorder. According to the motion, Appellant's last payment was made on August 28, 2012, and she remained in default.

Bank of America indicated that it had provided Appellant with notice of intent to foreclose and attached a redacted copy of that notice. Additionally, Bank of America argued that Appellant had admitted executing the mortgage in question and, by her general denials that she was in default and the amounts due, she had admitted those facts.

Appellant filed a motion to dismiss the complaint and a motion in opposition to Bank of America's motion for summary judgment on October 28, 2013. Appellant claimed, for the first time, that Bank of America lacked standing and had not provided proof of injury. According to her, Bank of America was not a real-party-in-interest and had not shown that her loan was in default. Lastly, Appellant averred that the promissory note was unenforceable because it was sold to Fannie Mae without the mortgage.

Thereafter, Appellant filed a motion to compel discovery on November 19, 2013. Bank of America responded to Appellant's interrogatories and request for production of documents. It further filed a response to

Appellant's motion to dismiss on December 11, 2013. On February 12, 2014, Bank of America filed amended supplemental objections and responses to Appellant's discovery requests. Bank of America also submitted a supplemental brief in support of its motion for summary judgment on February 20, 2014, to which Appellant responded on March 13, 2014. The court held oral argument on the motion on April 17, 2014. The following day, the court granted Bank of America's motion for summary judgment and it denied Appellant's motion to dismiss on April 21, 2014.

This timely appeal followed. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored an opinion in support of its decision. Appellant now raises ten questions for our review.

1. Whether Defendant, as a pro se litigant in a foreclosure action, has the right to due process of law. This question was not dealt with directly by the trial court; however, the fact that Defendant was denied discovery and the ability to defend against loss of property indicates the lack of due process.

2. Whether summary judgment should have been denied because discovery had not been completed and there were and are numerous material issues of fact that have not been resolved. The court granted summary judgment despite the Pennsylvania Rules of Civil Procedure and case law dictating that summary judgment be decided after discovery, only where no genuine issues remain in a light most favorable to the non-moving party.

3. Whether the Defendant, pursuant to 13 Pa.C.S. § 3501(b)(2), has the right to demand reasonable evidence of authority to file the foreclosure compliant. Defendant was denied this right.

4. Whether Defendant, pursuant to 13 Pa.C.S §§ 3203(b) and 3203(d), had the right to demand what rights, if any, Plaintiff has to enforce the Note. This right was denied.

5. Whether the May 7, 2013 assignment of mortgage to Bank of America is a fraudulent assignment since, pursuant to 12 CFR Part 226.39(d), no notice of a transfer of ownership of the loan was given. The trial court ignored this issue.

6. Whether pursuant to Pennsylvania Statutes, 21 P.S. § 351, previous assignments of the mortgage were not recorded in the County Recorder's Office, irreparably clouding the title and obscuring the real party in interest. The trial court ignored this issue.

7. Whether, pursuant to 12 CFR Part 226.39(a)(1), Bank of America, as servicer of the loan, has fraudulently claimed to hold title to the loan. The trial court ignored this issue.

8. Whether Plaintiff's claims of rights to the Defendant's note and mortgage is in violation of the Consumer Credit Protection Act, 15 U.S. § 1641(f). The trial court ignored this issue.

9. Whether Plaintiff has established the constitutional minimum requirement of establishing an injury upon which the Court can grant relief. The trial court ignored this issue.

10. Whether the Order and Opinion entered in the lower court based on erroneous facts is null and void.

Appellant's brief at 2-3.

Our review of an order granting a motion for summary judgment is settled. This Court reviews a trial court's grant of summary judgment under an abuse of discretion standard. **Bank of America, N.A. v. Gibson**, 102 A.3d 462, 464 (Pa.Super. 2014). In conducting this review, we view the record in the light most favorable to the nonmoving party. **Id**. In addition, our scope of review is plenary. **Id**.

- 5 -

"A party bearing the burden of proof at trial is entitled to summary judgment 'whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.'" *Id*.; Pa.R.C.P. 1035.2(1). Of course, "the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." *Id*.; Pa.R.C.P. 1035.3.

"The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Id.* at 465. Moreover, it is well-established that general averments in the nature of a denial constitute an admission in a mortgage foreclosure action when the mortgagor would necessarily have sufficient information to know if the allegations relative to the mortgage are true. *See First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688 (Pa.Super. 1995).

Appellant's initial position regarding due process is not developed in her brief.[1] Further, as Bank of America points out, the issue was raised for the first time in Appellant's Rule 1925(b) statement. Accordingly, her claim

---

[1] We note that Appellant's brief does not comply with Pa.R.A.P. 2119, insofar as her arguments do not precisely correspond with the issues raised in her statement of questions. Instead, Appellant's arguments proceed without regard to the precise formulation of her issue statement questions. We address Appellant's arguments in the order presented rather than via her statement of issues.

is waived. *See* Pa.R.A.P. 302(a); *Burgoyne v. Pinecrest Community Ass'n*, 924 A.2d 675, 680 n.4, n.6 (Pa.Super. 2007) (failure to develop argument results in waiver). We add that the position is frivolous. Due process requires notice and an opportunity to be heard. *Fiore v. Bd. of Fin. & Revenue*, 633 A.2d 1111, 1114 (Pa. 1993). Appellant was provided ample notice and opportunities to present her case below.

The second claim Appellant levels is that summary judgment was improper because discovery was allegedly not complete and material issues of fact existed. The issues of fact relate to her remaining claims. Thus, we address those issues separately and presently confront her discovery position. Appellant maintains that discovery was outstanding on her motion to compel discovery. Bank of America replies that it had responded to Appellant's discovery request and that her motion to compel discovery was moot.

Appellant does not indicate what discovery was outstanding. The record shows that Bank of America provided discovery to Appellant via responses to her interrogatories, request for admissions and production of documents. Appellant does not indicate in any manner how the discovery response was inadequate or what discovery was lacking that could establish a material issue of fact. Appellant's position is meritless.

Next, Appellant maintains that Bank of America did not establish that it is the real party in interest. Citing solely 13 Pa.C.S. § 3501(b)(2)(ii),[2] Appellant argues that Bank of America did not show that it was collecting the mortgage on its own or for another party. In its complaint, Bank of America averred that it "is now the mortgagee and is in the process of formalizing an assignment of the same." Bank of America Complaint, Paragraph 3. This language sufficiently placed Appellant on notice of its *prima facie* claim to the mortgage. *See US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa.Super. 2009); *compare Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919 (Pa.Super. 2010). The assignment of the mortgage to Bank of America was attached as an exhibit to its motion for summary judgment. A mortgagee is a real party in interest. *Mallory*, *supra* at 994 n.6; *Lupori*, *supra* at 922 n.3. Bank of America is the mortgagee of record. Appellant's failure to marshal any support for her position aside from a boilerplate citation to a statute is also fatal.

_____

[2] 13 Pa.C.S. § 3501(b)(2)(ii) provides:

> (2) Upon demand of the person to whom presentment is made, the person making presentment must:
>
> . . . .
>
> (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so;

Appellant also asserts that Bank of America originally denied that the mortgage was owned by Fannie Mae REMIC trust, and that the trustee of REMIC had not declared her mortgage in default. She then maintains that Bank of America subsequently admitted that Fannie Mae REMIC is the owner of the loan, declared it in default, and contracted with Bank of America to foreclose. According to Appellant, if Fannie Mae REMIC is not the owner of the mortgage, then Bank of America cannot demand payment on its behalf.

The record indicates that Bank of America consistently indicated to Appellant via letters in response to her inquiries that Fannie Mae REMIC was the owner of the note corresponding with her mortgage. However, in a response to an interrogatory as to whether that entity owned the note, Bank of America originally denied that Fannie Mae REMIC was the owner of the note and stated only that Bank of America was the holder of the note. Bank of America subsequently clarified that Fannie Mae REMIC is the owner of the note in an amended response to Appellant's discovery requests. It also maintained in its supplemental brief in support of its motion for summary judgment that, as the holder of the note, it was entitled to enforce it. We agree.

There is no genuine issue of fact that Fannie Mae REMIC is the owner of the note, since Bank of America corrected its original answer to Appellant's interrogatory. Bank of America is the holder of the note. **_See_** Bank of America Motion for Summary Judgment, Exhibit B. The note is

endorsed in blank. **See** 13 Pa.C.S. § 3205. The holder of a promissory note related to a mortgage may enforce that note since the note is a negotiable instrument. **See** 13 Pa.C.S. 3104; 13 Pa.C.S. § 3301; 13 Pa.C.S. § 3205(b). Accordingly, Bank of America could enforce the note. **See J.P. Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258 (Pa.Super. 2013) (mortgagee who holds note is entitled to enforce it).

Next, Appellant maintains that a fraudulent assignment occurred. She questions where the record of various assignments are and maintains that Countrywide fraudulently assigned her mortgage to Bank of America because Countrywide no longer had any interest in the mortgage. Relatedly, she posits that there is no evidence that the note was assigned to Bank of America and that Pennsylvania's recording laws were violated.

Bank of America counters that Appellant did not raise any issue regarding prior assignments not being recorded. It adds that the assignment of mortgage to Countrywide was recorded on February 4, 1999, in the Department of Real Estate in Allegheny County. Bank of America continues that the mortgage was then assigned to it, with that assignment being recorded on May 7, 2013.

We agree with Bank of America that there is no issue relative to the assignment of the mortgage in this case. Concomitantly, since the assignment of the mortgage to Bank of America has been recorded, Appellant's position that the failure to record such an assignment clouds the

title and obscured the real party in interest is frivolous. **See also Mallory**, **supra** at 994 ("contrary to Appellant's suggestion, the recording of an assignment of the mortgage was not a prerequisite to Appellee having standing to seek enforcement of the mortgage via a mortgage foreclosure action."). Equally important, any alleged defects in the chain of assignments does not affect the right of a mortgagee to enforce the note. **See Murray**, **supra** at 1266.

Appellant also argues that "Bank of America falsely claims to be a 'holder in due course.'" Appellant's brief at 13. She asserts that, because Bank of America acquired the mortgage after she allegedly defaulted on the mortgage, Bank of America cannot be a holder in due course. Bank of America replies that it "is the holder of note endorsed in blank, as further supported in the affidavit attached to the [motion for summary judgment], and therefore has authority to enforce the same." Bank of America's brief at 20. We have already concluded that the record establishes that Bank of America is the holder of the note in question. **See also Murray**, **supra** (discussing definition of holder in due course).

Appellant confuses the date of the recorded assignment as the date that Bank of America came into possession of the mortgage and note. Instantly, Bank of America came into possession of the mortgage and note as the result it being a successor by merger with Countrywide. This

occurred in 2008, well before Appellant defaulted in 2012. Appellant's position is meritless.

In leveling the next aspect of her argument, Appellant contends that, even if Bank of America is the holder of the note, it cannot enforce the note without establishing who the owner of the mortgage and note is. She maintains that Bank of America did not prove that it has any right to enforce the note. We find this argument meritless.

As this Court recently reiterated, "[o]wnership of the Note is irrelevant to the determination of whether [an entity] is a 'person entitled to enforce' the Note[.]" **PHH Mortgage Corp. v. Powell**, 100 A.3d 611, 621 (Pa.Super. 2014). As previously outlined, a mortgagee is a real party in interest in a foreclosure action and as the holder of the note and mortgage can enforce the note. Bank of America's motion for summary judgment established that it is the mortgagee and possesses the note at issue. Appellant has defaulted on her payments. Bank of America was entitled to foreclose. Appellant's related position, that Bank of America only services her loan and is not a real party in interest, fails for reasons already outlined.

Appellant also absurdly states that Bank of America did not allege an injury in its complaint. Bank of America unequivocally provided that Appellant was in default on her mortgage, provided the amount due and owing, and demanded judgment for that amount. In addition, it set forth

that it was the mortgagee and possessor of the note. Appellant's position is wholly frivolous.

The penultimate contention Appellant makes is that she did not receive notice of transfer of the ownership of her loan, which she maintains calls into question the assignments in this matter. For reasons discussed previously, relative to ownership and assignments, this claim is meritless.

The final claim Appellant posits is that the trial court opinion is premised on erroneous facts. Since we have found that Bank of America is the mortgagee, possesses the note on Appellant's home, and Appellant's earlier issues are untenable, she is entitled to no relief. The record discloses that Appellant is in default on her mortgage. Her general denials as to her default and the amount owed are admissions. ***Strausser***, ***supra***. A mortgage holder is "entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Gibson***, ***supra*** at 465. The trial court did not err in awarding summary judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015