# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Thompson,                            :
                            Petitioner     :
                                           :
            v.                             :   No. 34 C.D. 2015
                                           :   Submitted: July 2, 2015
Workers' Compensation Appeal               :
Board (Exelon Corp),                       :
                            Respondent     :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  January 29, 2016**


Petitioner Debra Thompson (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board). The Board affirmed in part, modified in part, and reversed in part the order of a Workers' Compensation Judge (WCJ). The WCJ's order granted, in part, Exelon Corporation's (Employer) modification petition, denied Employer's suspension petition, denied Claimant's review petition, and expanded the description of Claimant's work injury. As to the modification and suspension petitions, the Board modified the WCJ's order, thereby changing the effective date of the modification of Claimant's workers' compensation benefits. As to the review petition, the Board affirmed the WCJ's order. The Board reversed the WCJ's expansion of the description of Claimant's work injury. We now vacate the Board's order and remand the matter to the Board for consideration of the merits.

Claimant sustained a work-related injury on October 16, 1998, and Employer issued a notice of compensation payable. (Reproduced Record (R.R.) at 1a.) Claimant received workers' compensation benefits on and off from October 20, 1998, through September 23, 2003. (*Id.* at 54a.) Claimant was laid off on September 23, 2003, and received severance and unemployment compensation benefits until September 15, 2004. (*Id.* at 55a.) Claimant's total disability benefits were reinstated on September 15, 2004. (*Id.*) On September 12, 2005, Employer requested a designation of a physician to perform an impairment rating evaluation (IRE) of Claimant. (*Id.* at 7a.) On September 19, 2005, Claimant received notice of an IRE appointment with James Bonner, M.D., and Dr. Bonner performed the IRE on October 13, 2005. (*Id.* at 9a, 11a-12a.) Dr. Bonner opined that Claimant's impairment rating was 23%. (*Id.* at 13a.) As a result of the IRE, Claimant received a notice of change of workers' compensation disability status, which indicated that Claimant's disability status was changed from total to partial, effective August 30, 2005. (*Id.* at 14a-15a.)

Employer filed a petition to modify and suspend benefits on December 29, 2010, which alleged that Claimant would reach 500 weeks of partial disability benefits as of October 8, 2012. (*Id.* at 25a-27a.) On April 5, 2011, Claimant filed a review petition seeking review of the 2005 IRE determination, because "she has not reached maximum medical improvement." (*Id.* at 29a-30a.) A WCJ consolidated the various petitions and issued a decision. As noted above, the WCJ granted Employer's modification petition in part, denied Employer's suspension petition, and denied Claimant's review petition in part. In so doing, the WCJ determined that Employer had "established its right to a modification of . . . Claimant's . . . [b]enefits on the basis of an [IRE]." (WCJ Decision at 25-26.) The

2

WCJ concluded that because Claimant had not received total disability benefits from September 23, 2003, through September 15, 2004, Employer had properly requested the IRE of Claimant within 60 days of the expiration of Claimant's 104-week total disability period. (*Id.* at 23-24.) The WCJ further found that Claimant had reached maximum medical improvement by October 13, 2005. (*Id.* at 15.) The WCJ, however, concluded that the effective date for the modification of benefits should be January 4, 2006, rather than August 30, 2005. Both Claimant and Employer appealed to the Board.

The Board issued an opinion and order on December 17, 2014. In so doing, the Board did not address whether the WCJ erred in failing to include the period during which Claimant received only severance and unemployment compensation benefits in its calculation of the 104-week period of total disability or whether the WCJ erred in finding that Claimant had reached maximum medical improvement. Rather, the Board concluded that Claimant was time-barred from challenging the change of her disability status, because she did not appeal within the 60-day period after she received the notice of change in disability status, nor could she appeal within the 500-week period of partial disability without a qualifying IRE determination. Claimant now petitions this Court for review.

On appeal,[1] Claimant argues that the notice of change of disability status deprived her of due process and, therefore, the Board erred in concluding that she was time-barred from challenging the change of her disability status, that

---

[1] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

the WCJ erred in finding that the period during which Claimant received severance benefits should not be counted in determining whether the IRE occurred within 60 days after Claimant had received total disability benefits for 104 weeks, and that substantial evidence did not support the WCJ's finding that Claimant had reached maximum medical improvement on the day of her IRE.

At the outset, we note that a claimant generally has two opportunities to appeal a change in her disability status. *See* Section 306(a.2) of the Workers' Compensation Act (Act).[2] A claimant is first afforded an immediate appeal pursuant to Section 306(a.2)(2) of the Act, which "provides that no reduction in the employee's disability status shall be made until 60 days notice of modification is given." *Johnson v. Workers' Comp. Appeal Bd. (Sealy Components Grp.)*, 982 A.2d 1253, 1257 (Pa. Cmwlth. 2009), *appeal denied*, 996 A.2d 493 (Pa. 2010). This allows a claimant to "appeal the reduction of his or her disability status before the reduction bec[omes] effective." *Id.* After the 60-day notice period allowing for immediate appeal expires, the Act provides a claimant the opportunity to challenge the change of her disability status at any point during the 500-week period of partial disability. *Id.* at 1258. To challenge a change of disability status

---

[2] Act of June 2, 1915, P.L. 736, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2. This Court, in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015), recently held that Section 306(a.2) of the Act constitutes "an unconstitutional delegation of legislative authority insofar as it proactively approved versions of the [American Medical Association (AMA)] *Guides* beyond the Fourth Edition without review." *Protz*, 124 A.3d at 416. In *Protz*, we vacated the Board's decision with respect to the employer's modification petition and remanded the matter for application of the Fourth Edition of the AMA *Guides*.

4

during this period, however, a claimant must provide an IRE determination indicating that the claimant has an impairment rating in excess of 50%. *Id.*

We first address Claimant's argument concerning due process. Claimant contends that she did not appeal the 2005 notice of change of disability status due to the language of the notice. The notice provided: "You may appeal an adjustment in your workers' compensation status to a [WCJ] by filing a Petition for Review with the Bureau of Workers' Compensation, . . . which *must include* a qualified impairment rating physician's determination of impairment which is equal to or greater than 50%."[3] (R.R. at 15a (emphasis added).) Claimant asserts that based on the language of the notice, she believed that she was precluded from raising *any* issues on appeal because she did not have an IRE providing that her impairment rating was greater than 50%. She argues that the prohibitory language of the notice deprived her of due process, and, thus, the Board erred in concluding that she was time-barred from challenging the change of her disability status on the basis that she had not reached maximum medical improvement and that the IRE was untimely.

While incapable of exact definition, the essential elements of procedural due process are "notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause." *Fiore v. Bd. of Fin. & Revenue*, 633 A.2d 1111, 1114 (Pa. 1993) (quotations omitted). Whether due process has been afforded must be

---

[3] We note that the notice of change of disability status form has since been revised and no longer includes this language. *See* BUREAU OF WORKERS' COMP., PA. DEP'T OF LABOR & INDUS., LIBC-764 (2013).

5

examined in relation to the particular circumstances of each case. *Dunn v. Dep't of Transp., Bureau of Driver Licensing*, 819 A.2d 189, 192 (Pa. Cmwlth. 2003). "Notice is the most basic requirement of due process . . . . Notice should be reasonably calculated to inform interested parties of the pending action. . . . The form of the notice required depends on what is reasonable, considering the interests at stake and the burdens of providing notice." *Pa. Coal Mining Ass'n v. Ins. Dep't*, 370 A.2d 685, 692-93 (Pa. 1977). "Failure to provide adequate notice is a jurisdictional defect that invalidates administrative action until the defect is cured." *Clark v. Dep't of Pub. Welfare*, 427 A.2d 712, 713 (Pa. Cmwlth. 1981) (quotations omitted).

Claimant appears to argue that because the language of the notice of the change of disability was inadequate so as to deprive her of her due process rights, the Board should have considered the merits of her appeal.[4] We agree. It is undisputed that Claimant did not immediately appeal the change of her disability status within the time period provided in Section 306(a.2)(2) of the Act. *See Johnson*, 982 A.2d at 1257-58. In *Johnson*, this Court held that a claimant's appeal of an IRE determination was prohibited by Section 306(a.2) of the Act,

---

[4] Employer counters that Claimant has waived this argument by failing to raise it before the Board. It is well-settled that issues must be raised at the earliest possible opportunity. *Rox Coal Co. v. Workers' Comp. Appeal Bd. (Snizaski)*, 807 A.2d 906, 912-13 (Pa. 2002). This Court will not review any issue that has not been raised before the agency unless the issue "could not by the exercise of due diligence have [been] raised before the [agency]." Pa. R.A.P. 1551(a). Claimant could not have raised this issue before the Board, because at that stage in the litigation there was no adverse ruling that Claimant was time-barred from appealing the notice of change of disability status. Claimant did not need to raise the issue prior to the Board's determination that Claimant was time-barred from appealing. We, therefore, reject Employer's argument that Claimant has waived this argument.

6

because the claimant did not take advantage of her immediate appeal rights under Section 306(a.2)(2) of the Act, nor did she present and IRE determination indicating that she had an impairment rating in excess of 50% so as to permit an appeal during the 500-week period of partial disability. The claimant in *Johnson* had argued that due process entitled her to a hearing before her disability status was changed from total to partial. We disagreed and found no due process violation, concluding that the claimant waived her immediate appeal rights by failing to appeal during the 60-day period after receiving notice of the change of her disability status. We noted that "[a] claimant cannot sit on her appeal rights and then claim she was denied due process." *Id.* at 1258. The instant matter is distinguishable from *Johnson*. Here, Claimant did not sit on her appeal rights, but, rather, was informed that she *could not appeal* the change of her disability status without an IRE determination indicating that her impairment rating was in excess of 50%. The language of the change of disability status contradicts the language of Section 306(a.2)(2) of the Act, in which a claimant is provided the ability to appeal a change of disability status, *without a qualifying IRE determination*, within 60 days of the claimant's receipt of notice. By informing Claimant that she was not able to appeal the change of her disability status without a qualifying IRE determination, the notice of Claimant's change of disability status deprived her of her due process right to adequate notice. Because the notice constituted a deprivation of due process, Claimant is entitled to be heard on the merits of her appeal.[5]

---

[5] Employer argues that the inadequate notice was harmless error, because Claimant had a full hearing before the WCJ on the merits of her appeal. Although the WCJ did consider the **(Footnote continued on next page…)**

Accordingly, we vacate the Board's order and remand the matter to the Board to consider the merits of Claimant's appeal.[6]

_____
P. KEVIN BROBSON, Judge

(continued…)

merits of Claimant's appeal, Claimant is also entitled to an opportunity to be heard by the Board. *See* Section 423 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853 ("Any party in interest may, within twenty days after notice of a [W]orkers' [C]ompensation [J]udge's adjudication shall have been served upon him, take an appeal to the [B]oard.") We, therefore, reject Employer's argument.

[6] Because we remand this matter to the Board, we need not address Claimant's remaining arguments as to the merits of this matter.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Debra Thompson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 34 C.D. 2015 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Exelon Corp), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 29th day of January, 2016, the order of the Workers' Compensation Appeal Board (Board) is hereby VACATED, and the matter is REMANDED to the Board to consider the merits of Petitioner Debra Thompson's appeal.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge